# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLURR DIVISION

**JUSTIN GREGORY**                                                  **PLAINTIFF**

v.                                **No. 5:19-cv-132-DPM**

**CHUCK BARKER, Investigator,**                        **DEFENDANT**
**Dallas County Sheriff's Office**

## ORDER

**1.** Motion to proceed *in forma pauperis*, № 1, granted. Gregory must pay the filing fee, but over time. 28 U.S.C. § 1915(b)(1). The Court assesses an initial partial filing fee of $1.53. After the initial fee is collected, Gregory's custodian must collect monthly payments from Gregory's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Gregory's behalf must be clearly identified by case name and case number.

**2.** The Court directs the Clerk to send a copy of this Order to the Administrator of the Dallas County Detention Center, P.O. Box 689, Fordyce, Arkansas 71742.

**3.** The Court must screen Gregory's complaint. № 2; 28 U.S.C. § 1915A. Gregory was charged with internet stalking of a child; and the charges against him are pending in Dallas County Circuit Court. *State v. Gregory*, 20CR-18-89. Gregory says that Barker entrapped him by misrepresenting the Skout dating site user's age. He seeks damages. № 2.

The Court must abstain from proceeding with Gregory's federal case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Gregory may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510–13 (D. Kansas 1996). Further, there's no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). These claims must therefore be put on hold until there's a final disposition of Gregory's pending state charges. *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603–04 (8th Cir. 1999).

\* \* \*

**4.** This case is stayed. Gregory can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Gregory doesn't file a timely motion to reopen or a status report by

17 April 2020, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 April 2019